

**IT IS ORDERED as set forth below:**

**Date: May 16, 2023**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No. 11-78206-pwb |
| ANDRE VATRECE MARLIN, | : : | |
| Debtor. | : : | Chapter 7 |

**ORDER ON APPLICATION FOR UNCLAIMED**
**FUNDS OF NATIONSTAR MORTGAGE LLC**
**AND NOTICE OF TIME (1) FOR NATIONSTAR TO**
**PROVIDE FURTHER INFORMATION; (2) FOR DEBTOR**
**TO ASSERT ANY INTEREST IN THE FUNDS; AND**
**(3) FOR ANY PARTY IN INTEREST TO ASSERT**
**THE ESTATE'S INTEREST IN THE FUNDS**

Because Nationstar Mortgage LLC ("Nationstar") did not claim distributions in the amount of $ 2,436.22 that the Trustee in this chapter 13 case made on account of proof of claim No. 5,[1] the Trustee paid the funds into the registry of the Court pursuant to 11 U.S.C. § 347(a). The claim was filed as a secured claim based on a deed to secure debt on the Debtor's residence, 5895 Sumter Drive, Douglasville, GA 30135.

---

[1] Aurora Bank originally filed the proof of claim on February 17, 2012. It was transferred to Nationstar on June 23, 2012. [46, 47].

Nationstar has requested the unclaimed funds in a Petition for Payment of Unclaimed Funds (the "Petition") [70] and in an Application for Payment of Unclaimed Funds (the "Application") [71].

The Court cannot determine from the Petition and Application that Nationstar has a present entitlement to the unclaimed funds and is concerned that the Debtor, rather than Nationstar, is entitled to the money. This Order explains the issues and sets a deadline of July 25, 2023, for Nationstar to provide additional information and for the Debtor to assert a claim to the money. In addition, because it is possible that the unclaimed funds could be property of the chapter 7 estate, the Court will provide notice of this Order to the former Chapter 7 Trustee, any creditor, or any other party in interest to provide an opportunity for the assertion of a claim that the unclaimed funds are property of the chapter 7 estate.

Section 347(a) provides for the disposition of unclaimed funds paid into the Court's registry under chapter 129 of title 28 of the United States Code. The applicable provisions of chapter 129 direct the Court to disburse unclaimed funds to the "rightful owners," 28 U.S.C. § 2041, upon "full proof of the right thereto." 28 U.S.C. § 2042. A creditor to whom a distribution in a bankruptcy case is payable retains a property interest in such funds. *See Leider v. United States*, 301 F.3d 1290, 1296 (Fed. Cir. 2002). Under statutory requirements and due process principles, the Court has the duty to protect the original claimant's property interest by making sure that unclaimed funds are disbursed to their true owner. Because an application for unclaimed funds is typically considered *ex parte,* the Court must insist on exact compliance with legal requirements before authorizing the disbursement of unclaimed funds to an applicant. *In re Applications for Unclaimed Funds,* 341 B.R. 65 (Bankr. N.D. Ga. 2005).

A creditor applying for unclaimed funds must affirmatively show that it has a "present

2

entitlement to the unclaimed funds sought." *In re Acker,* 275 B.R. 143, 145 (Bankr. D.D.C. 2002). *Accord, In re Scott,* 346 B.R. 557 (Bankr. N.D. Ga. 2006). A creditor does not have the required present entitlement if its claim has been paid, if there is no enforceable claim after foreclosure of its collateral, or if the debtor has brought the obligation current such that no payment is currently due. Thus, an applicant seeking unclaimed funds due to distributions that were made on account of a secured claim must show that the debt has not been satisfied (through payment or foreclosure) and that an amount is currently due and payable to which the unclaimed funds may lawfully be applied.

Debtor filed this case under chapter 13 on September 30, 2011. [1]. The subject claim, filed on February 17, 2012, is for amounts due on a debt secured by a deed to secure debt on the debtor's residence. The Debtor's plan provided for the claim under 11 U.S.C.§ 1322(b)(5), which contemplates the cure of prepetition defaults through payments under the plan and the continuation of regular installment payments. [5, 7].[2] The confirmation hearing was scheduled for December 7, 2011 [7] and rescheduled for January 4, 2012, and then for January 18, 2012.

On December 21, 2011, Aurora Bank, FSB ("Aurora") (then the lender) filed a motion for relief from the automatic stay, which was scheduled for a hearing on January 18, 2012. [24]. The motion was resolved with a consent order entered on May 8, 2012, which provided for the cure of postpetition arrearages. [34].

After the Chapter 13 Trustee reported that the Debtor's plan payments were current [28], the Court confirmed the amended plan on February 15, 2012. [29]. On September 4, 2012, Nationstar filed notice of transfer of the proof of claim of Aurora to Nationstar. [46-48].

The case was converted to chapter 7 on January 15, 2013, at the Debtor's request. [49].

---

[2] The Debtor filed a plan with the petition. [5] The amended plan was filed on December 16, 2012. [7].

The Debtor's Statement of Intent stated that the Debtor intended to surrender the residence. [52 at 25].

The Chapter 13 Trustee filed a Final Report and Accounting on January 30, 2013, which showed disbursement of $2,600.75 to Nationstar. [56]. On February 13, 2013, the Chapter 13 Trustee filed a notice stating that she had remitted $ 2,436.22 to the Court's registry because Nationstar had not claimed the funds paid to it. [60].

On March 21, 2013 (over a month after the filing of the notice of the deposit of unclaimed funds into the Court's registry), Nationstar filed its own motion for relief from the automatic stay, scheduled for hearing on May 18, 2013. [64]. The Chapter 7 Trustee filed a Report of No Distribution on March 26, 2013, the Debtor received a discharge on April 22, 2013 [68], and the case was closed on April 23, 2013. [69]. Because discharge and closing of the case terminated the automatic stay, 11 U.S.C. § 362(c)(1), (2), Nationstar's motion for relief from it was moot, and the Court did not enter an order on it.

Collectively, Nationstar's Petition and Application establish that Nationstar has succeeded to the rights of the original claimant, Aurora, and that Francine Miller, an assistant secretary, has the authority to seek the unclaimed funds on its behalf. A business card attached to the Application further identifies Ms. Miller's position as "Bankruptcy Manager, Default Servicing." [71 at 11].

Attached to the Application is a "Sworn Affidavit" of Ms. Miller in which she states that she can confirm that "the records of Nationstar Mortgage LLC confirm that the unclaimed dividends deposited with the court are still due to Nationstar Mortgage LLC. As of today's date, Nationstar Mortgage LLC as service provider of Federal National Mortgage Association holds the debt, it has not been paid or otherwise satisfied, and the applicant is presently entitled to the

4

unclaimed funds."  [71 at 3].

As stated earlier, Nationstar must show affirmatively that it has a "present entitlement to the unclaimed funds sought." *In re Acker,* 275 B.R. 143, 145 (Bankr. D.D.C. 2002). *Accord, In re Scott,* 346 B.R. 557 (Bankr. N.D. Ga. 2006).  The Court declines to accept Ms. Miller's conclusory statement as adequately establishing that a debt still exists.

This case was closed on April 23, 2013.  In the ten years since that time, Nationstar could have foreclosed, or the Debtor could have paid the debt through refinancing or sale of the property.  Any such event could have resulted in satisfaction of the debt without reduction to account for these funds.  If so, Nationstar would have no debt to which to apply the funds.

If no such event has occurred, it is possible that Nationstar collected the arrearage after the conclusion of this case.  If so, and if the Debtor is thus current, Nationstar has no present entitlement to the funds.

Nationstar's present entitlement to the unclaimed funds depends on all of the following: (1) an arrearage actually existed at the conclusion of this case ten years ago; (2) Nationstar has not collected the arrearage in some fashion since then; and (3) Nationstar's debt has not been satisfied through foreclosure or payment by the Debtor upon refinancing or sale of the collateral.

It is a fair inference from the conversion of the case to chapter 7 and the Debtor's statement of the Debtor's intention to surrender the residence that the Debtor did not make any payments to Nationstar after the closing of the case and that the Debtor did not sell or refinance the residence.  On this premise, it is most likely that Nationstar conducted a foreclosure sale.  If this is so, the critical questions are the amount that Nationstar received at the foreclosure sale, the amount of the debt at that time, and whether the amount of the debt as Nationstar calculated it took the payments that the Chapter 13 Trustee made into account.

Before the Court can determine that Nationstar has a present entitlement to the funds, it must have information about any payments Nationstar received on the debt after the filing of this case, whether it foreclosed, and, if so, what it realized at the foreclosure sale. Nationstar is presumably in a position to provide all this information, but the Petition and Application do not contain any of it. The Court will not rely on inferences to authorize disbursement of the unclaimed funds. In particular, the Court will not assume that the proceeds of the foreclosure sale were less than the amount owed on the debt at the time of foreclosure.

If the price at the foreclosure sale exceeded the amount of the debt, calculated without accounting for the receipt of the unclaimed funds, a surplus existed which would seem to be payable to the Debtor. A similar overpayment would have resulted if the debt as thus calculated had been satisfied through sale or refinancing of the residence. In either situation, the Debtor effectively paid the debt in full and, therefore, the Debtor, not Nationstar, would seem to be entitled to the unclaimed funds.

Another issue is whether, upon conversion of the case to chapter 7, the Debtor, rather than Nationstar, was entitled to the money that the Chapter 13 Trustee held because Nationstar had not claimed the payments made to it.

In *Harris v. Viegelahn,* 575 U.S. 510 (2015), the Supreme Court ruled that, upon postconfirmation conversion of a Chapter 13 case to Chapter 7, undistributed funds held by the Chapter 13 trustee from the debtor's postpetition earnings must be returned to the debtor, not distributed to creditors. *Harris* thus indicates that the unclaimed funds should be disbursed to the debtor.

*Harris* dealt with funds that the chapter 13 trustee accumulated by not making payments to a mortgage creditor after the creditor foreclosed. Upon conversion to chapter 7, the trustee

6

disbursed the funds to other creditors.

Here, in contrast, the Chapter 13 Trustee made the payments to Nationstar at a time when it was entitled to them and had the funds because Nationstar did not claim them. Thus, the Trustee arguably "disbursed" the money to Aurora prior to conversion such that the funds represented by the uncashed checks effectively became property of Aurora prior to conversion. *See In re Wilkerson,* 453 B.R. 337 (Bankr. S.D. Ohio 2011). Under this analysis, the Chapter 13 Trustee held the funds as property of Aurora for remittance to the Court's registry as property of Aurora, whose rights Nationstar acquired by assignment. Thus characterized, the funds were not undisbursed plan payments representing earnings of the debtor, and *Harris* does not apply.

Under the latter view, the issues discussed above concerning whether the Debtoror Nationstar is entitled to the unclaimed funds still exist.

The Court will provide Nationstar and the Debtor an opportunity to address these issues.

It seems to the Court that the unclaimed funds are not property of the Chapter 7 estate because the potential entitlement of the Debtor to the funds arises from events after discharge and closing of the case. Nevertheless, out of an abundance of caution, the Court will require that the former Chapter 7 Trustee, the United States Trustee, and creditors and all parties in interest in this case receive notice of this Order so that they have the opportunity to assert any claims that the unclaimed funds are property of the Chapter 7 estate.

Based on, and in accordance with, the foregoing, it is hereby **ORDERED, and NOTICE IS HEREBY GIVEN,** as follows:

1. The Court cannot grant the Petition and Application without further information.

2. Nationstar may amend its Application on or before July 25, 2023, to provide further information about its present entitlement to the funds, including the information discussed above.

7

Nationstar must serve any amendment on the Debtor, the Debtor's counsel, and the former Chapter 7 Trustee.

3. The Debtor, the former Chapter 7 Trustee, or any other party in interest may assert any interest in or claim to the unclaimed funds by filing a response to this Order, and the Debtor may file an application for disbursement of the unclaimed funds to the Debtor on or before July 25, 2023. Any response or application must be served on Nationstar.

4. Nationstar must reply to any response or application filed and served by the Debtor or any other party within 30 days after its service. If Nationstar does not timely reply to any such response or application, the Court may deny Nationstar's Petition and Application and grant the relief that either the Debtor or any other party requests without further notice and without a hearing.

5. In the absence of a timely amendment to the Application or a timely response or application by the Debtor, the former Chapter 7 Trustee, or any other party in interest, the Petition and Application will be denied, without prejudice.

6. At the expiration of the times set forth above, the Court will determine the issues. To the extent that any issues raised by the papers filed by any of the parties require a hearing, the Court will schedule a hearing and provide notice to the parties who have asserted claims to the unclaimed funds.

The Clerk is directed to mail copies of this Order to the persons on the attached Distribution List and to all creditors and parties in interest in this case.

**This Order has not been prepared for publication and is not intended for publication.**

**[End of Order]**

## DISTRIBUTION LIST

Francine Miller[3]
Nationstar Mortgage LLC
800 State Highway 121 Bypass
Lewisville, TX 75067 P.O. Box 619096
Dallas, TX 75261

Elizabeth Childers[4]
McCurdy & Candler, LLC
Six Piedmont Center, Suite 700
3525 Piedmont Road, NE
Atlanta, GA 30305
Attorney for Nationstar

Karen King[5]
King & King Law LLC
215 Pryor Street
Atlanta, GA 30303-3748

Andre Vatrece Marlin[6]
5895 Sumter Drive
Douglasville, GA 30135

Andre Vatrece Marlin[7]
1084 Highland Avenue
Atlanta, GA 30306

Edwin K. Palmer[8]
P.O. Box 1284
Decatur, GA 30031

Office of the United States Trustee
362 Russell Building
75 Ted Turner Dr., S.W.
Atlanta, GA  30303

---

[3] Name and address of Nationstar officer on Petition [70] and Application [71]
[4] Attorney appearing for Nationstar [63] and representing Nationstar regarding Motion for Relief from Stay [64]
[5] Attorney for Debtor
[6] Debtor, with address of record in this case
[7] Debtor, with address for Andre V. Marlin, found through internet search; information showed previous address of 5895 Sumter Drive, Douglasville, GA 30135
[8] Former Chapter 7 Trustee